IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EEI HOLDING CORPORATION, an Illinois corporation, d/b/a/ BRH Builders & Constructors, an Illinois corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-3193 |
| SAFECO INSURANCE COMPANY, a Washington corporation, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Safeco Insurance Company's (Safeco) Motion to Stay Proceedings (d/e 6). For the reasons set forth below, the Motion is ALLOWED.

### STATEMENT OF FACTS

On August 6, 2008, Safeco filed a declaratory judgment action in Sangamon County, Illinois, Circuit Court, against Plaintiff EEI Holding Company, d/b/a BRH Builders & Constructors (BRH) (First State Action). Memorandum in Support of Safeco Insurance Company's Motion to Stay

1

Proceedings (d/e 7) (Safeco Memorandum), Exhibit A, First State Action Complaint. Safeco alleged that it was surety for a construction company named Siciliano, Inc. (Siciliano). Siciliano allegedly defaulted on a public construction contract project known as the New Military Education Facility Camp Lincoln, CDB Contract Number 546-325 (Project). Safeco alleged that it took over the Project and hired BRH to complete the Project pursuant to the terms of a Completion Agreement. Safeco alleged that BRH breached the Completion Agreement resulting in damages to Safeco. Safeco sought a declaration of the rights of Safeco and BRH under the Completion Agreement. BRH has filed a motion to dismiss the First State Action. The materials filed indicate that this motion is pending.

On September 9, 2008, BRH filed this action (Federal Action). BRH alleged that it entered into the Completion Agreement with Safeco to complete the Project. BRH alleged that it performed its obligations under the Completion Agreement, and Safeco breached its obligations under the Completion Agreement by failing to pay BRH in full. BRH sought a judgment for all sums due and owing under the Completion Agreement. Complaint (d/e 1).

On September 29, 2008, BRH filed an action for an accounting in

Sangamon County, Illinois, Circuit Court, against Safeco for recovery of payment for work performed on the Project (Second State Action). The Second State Action was based on the Illinois Mechanics Lien Act. 770 ILCS 60/23. The Second State Action is pending. Safeco Memorandum, Exhibit C, Second State Action Complaint.

Safeco now asks this Court to stay this matter pending resolution of the state court litigation. The Court has diversity subject matter jurisdiction and personal jurisdiction over the parties to hear the Federal Action. This Court should stay matters properly within its jurisdiction only if exceptional circumstances exists. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Exceptional circumstances exist if a parallel action is ongoing in state court and the circumstances weigh in favor of abstention in federal court. AXA Corporate Solutions v. Underwriters Reinsurance Corp., 347 F.3d 272, 278 (7th Cir. 2003). BRH concedes for purposes of the Motion that the actions are parallel. Response to Motion to Stay Proceedings (d/e 9), at 2. All three actions turn on whether BRH and Safeco performed their obligations under the Completion Agreement.

In evaluating whether exceptional circumstances exist, the Court must consider the following list of non-exclusive factors:

3

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

AXA Corporate Solutions, 347 F.3d at 278. In weighing the above factors, the Court is mindful that the Seventh Circuit has, "recognized a general presumption against abstention." Id. The Court is further mindful that, "'[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise is required.'" Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004) (quoting Colorado River, 424 U.S. at 818-19).

In evaluating these factors, the Court concludes that exceptional circumstances exist in this case. The state court obtained jurisdiction over the matter first. Illinois law governs the resolution of both the contract claims and the mechanics lien claims. No federal laws are implicated. Also, the Project is an Illinois public project, and the Second State Action may

implicate state interests since BRH asserts a mechanics lien over the public funds paid to Safeco in connection with the Project. See 770 ILCS 60/23(b) (mechanics lien attaches to public funds paid to contractor). The state court action will adequately protect BRH's rights. In this particular case, these factors tip the balance in favor of finding exceptional circumstances. The Court, therefore, allows the request for the stay.

THEREFORE, Defendant Safeco Insurance Company's Motion to Stay Proceedings (d/e 6) is ALLOWED. This matter is stayed, pending resolution of the parallel two cases currently pending in state court. Defendant Safeco is directed to file status reports in this matter every six months to keep this Court abreast of the progress of the state court proceedings.

IT IS THEREFORE SO ORDERED.

ENTER:  January 29, 2009

       FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE